# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MTE HOLDINGS LLC, *et al.*, | : | Bankruptcy Case No. 19-12269 (CTG) |
| | : | |
| Debtor. | : | |
| _____ | : | |
| | : | |
| THE ALLAR COMPANY, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C.A. No. 21-1297-LPS |
| | : | Bankr. BAP No. 21-64 |
| MTE HOLDINGS LLC, *et al.*, | : | |
| | : | |
| Appellees. | : | |
| _____ | : | |

## RECOMMENDATION

At Wilmington this **21st** day of **October, 2021**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

In this Appeal, Appellant challenges the following: (i) the Order Overruling Allar's

Objection to Debtors' Amended Joint Plan of Reorganization; (ii) Findings of Facts, Conclusions of Law and Order Confirming the Sixth Amended Joint Chapter 11 Plan of Reorganization for MTE Holdings LLC and its Affiliated Debtors (the "Confirmation Order") entered by Judge Goldblatt and (iii) any Order entered confirming the Sale of Substantially All of the Debtors' Assets.  Debtors dispute that this Appeal is from the Order Overruling Allar's Objection to the Debtors' Amended Joint Plan of Reorganization and any Order entered confirming the Sale of Substantially All of the Debtor's Assets.

The parties conferred and agree that mediation of the issues in this Appeal will be productive and jointly request that this Appeal be removed from mandatory mediation.  They further propose the following briefing schedule be entered:

| | |
|---|---|
| Appellant's Opening Brief | On or before October 13, 2021, but no later than 30 days after the Record on appeal is filed. |
| Appellee's Brief: | On or before November 12, 2021, but no later than 30 days after Appellant's Brief is served. |
| Appellant's Reply Brief | On or before November 26, 2021, but no later than 14 days after Appellee's Brief is served. |

Appellant further proposes that the briefing schedule be subject to any decision on a Motion by Allar for Certification of Immediate Appeal to the United States Court of Appeals for the Third Circuit; that any briefing schedule entered be vacated upon any certification of this Appeal for immediate consideration by the Third Circuit; and relief concerning any applicability of the briefing schedule if all or a portion of the issues are certified for immediate consideration by the Third Circuit.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a)

2

Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  No objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1 are anticipated since it is consistent with the parties' request.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge

3